Filed 7/21/21  Keshen v. Buffington Law Firm CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARY ANNE KESHEN, | |
| Plaintiff and Appellant, | G058802 |
| v. | (Super. Ct. No. 30-2019-01073686) |
| BUFFINGTON LAW FIRM, P.C., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Ronald L. Bauer, Judge.  Affirmed.

Mary Anne Keshen, in pro. per., for Plaintiff and Appellant.

Robie & Matthai, Marta A. Alcumbrac and Gabrielle M. Jackson for Defendant and Respondent.

\*　　　\*　　　\*

Mary Anne Keshen sued her former attorney, Buffington Law Firm, P.C. (Buffington Law), to recover her attorney fees based on Buffington Law's violation of the Rules of Professional Conduct and the Business and Professions Code. The trial court sustained a demurrer to the first amended complaint without leave to amend on the ground the complaint was barred by the statute of limitations.

The trial court correctly determined Keshen's claims were barred by the statute of limitations. Keshen has failed to show a reasonable possibility that amendment would cure the defect. We therefore affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### KESHEN I[1]

In September 2014, Keshen retained Buffington Law to represent her in litigation she had filed against a former business partner, Terrence Tallen (the Tallen litigation). Mediation resulted in the settlement of the Tallen litigation. The parties signed a written stipulation to settle and the Tallen litigation was dismissed with prejudice. Buffington Law's representation of Keshen ended no later than July 2016.[2]

In March 2017, Keshen sued Buffington Law for negligence, breach of fiduciary duty, and breach of contract in connection with its representation of Keshen in the Tallen lawsuit (*Keshen I*). In February 2018, Buffington Law filed a cross-complaint in *Keshen I* to recover outstanding attorney fees for work performed in the Tallen litigation.

---

[1] On our own motion, we have taken judicial notice of the appellate record in case No. G058680. Neither party objects.

[2] Keshen has also stated that the relationship ended in June 2016 and February 2016.

On March 13, 2019, after Buffington Law had filed a motion for summary judgment on the ground that all of Keshen's causes of action were barred by the mediation privilege (Evid. Code, § 1119), Keshen filed a motion for leave to amend her complaint. In part, Keshen's amended complaint would have added allegations that Buffington Law breached its duties under former rule 3-310 of the Rules of Professional Conduct.[3] The trial court denied the motion for leave to amend, and granted Buffington Law's motion for summary judgment.

On June 4, 2019, Keshen filed a motion to amend her answer to the cross-complaint in *Keshen I* to add as affirmative defenses violations of the Rules of Professional Conduct and conflicts of interest. The trial court denied that motion.

Following a bench trial, the trial court ruled in favor of Buffington Law and against Keshen on the cross-complaint in *Keshen I*, and ordered Keshen to pay Buffington Law $90,622.36. A transcript of the bench trial is not a part of the appellate record in that case. The court's minute order reads in relevant part as follows: "California Rules of Professional Conduct requires written disclosure to the client of a payment arrangement which accepts funds from one other than the client. Where a notice in writing must be delivered to the client, a verbal or agreed notice is not sufficient. [¶] Though written disclosure of the payment arrangement on behalf of Mary Anne Keshen by her father should have been given to Mary Anne Keshen, the client, pursuant to Rules of Professional Conduct [former rule] 3-310, there was no evidence that the failure to do so in any way harmed Ms. Keshen. There was no evidence that Buffington Law Firm ever acted against any interest of Ms. Keshen by receiving payment of her fees from Leonard Keshen, her father. [¶] Case law does not require that all compensation to the

---

[3]  The Rules of Professional Conduct were thoroughly revised in 2018. Rule 1.8.6 of the California Rules of Professional Conduct currently addresses the requirement that an attorney obtain the informed written consent a client before accepting compensation from a nonclient.

attorney is barred for failing to observe this specific requirement contained in the Rules of Professional Conduct.  The fees which may be allowed are pursuant to quantum meruit."

Judgment was entered.  Keshen filed a notice of appeal in *Keshen I*, challenging the summary judgment on the complaint and the judgment on the cross-complaint after trial.

*KESHEN II*

On June 3, 2019, after summary judgment was granted on her complaint in *Keshen I*, and the day before she sought leave to amend her answer to the *Keshen I* cross-complaint, Keshen filed a new lawsuit against Buffington Law (*Keshen II*).  After the trial court sustained Buffington Law's demurrer,[4] Keshen filed a first amended complaint alleging causes of action for disgorgement of fees, equitable estoppel, breach of statutory duties, and restitution/unjust enrichment.

The first amended complaint alleged that Buffington Law violated its ethical obligations and fiduciary duties by:  accepting payment from a third party (Keshen's father) without obtaining Keshen's informed, written consent in violation of former rule 3-310 of the California Rules of Professional Conduct; shared confidential information with Keshen's father; violated its duties under Business and Professions Code section 6068 to respond promptly to Keshen's reasonable status inquiries and to keep Keshen reasonably informed of significant developments in the Tallen litigation, and to provide Keshen with a copy of an expert report prepared for use in the Tallen litigation (the SingerLewak report).

---

[4]  Neither the original complaint nor the demurrer are a part of the appellate record.

4

On January 13, 2020, the trial court sustained Buffington Law's demurrer to the first amended complaint in *Keshen II* without leave to amend.  A judgment of dismissal with prejudice was filed, and Keshen filed a notice of appeal.

DISCUSSION

I.

*STANDARD OF REVIEW*

We review an order sustaining a demurrer de novo.  (*Bardin v. DaimlerChrysler Corp.* (2006) 136 Cal.App.4th 1255, 1264.)  """"We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.  [Citation.]  We also consider matters which may be judicially noticed."[5]  [Citation.]  Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.'"  (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)  The trial

---

[5]  In support of the demurrer, Buffington Law filed requests for judicial notice of the following documents from *Keshen I*:  (1) Keshen's complaint; (2) Buffington Law's cross-complaint; (3) Keshen's answer to the cross-complaint; (4) minute order granting Buffington Law's motion for summary judgment, motion to compel answers to form interrogatories, and motion to compel answers to special interrogatories; (5) Keshen's motion for leave to amend her answer; (6) minute order denying Keshen's motion to withdraw or amend admissions and Keshen's motion for leave to amend her answer; (7) minute order following the bench trial; (8) notice of appeal; and (9) notice of ruling regarding an OSC re dismissal.  Over Keshen's objection, the trial court granted the requests for judicial notice.

Keshen argues throughout her appellate briefs that a demurrer may only be sustained based on a defense that is obvious from the face of the complaint.  Keshen does not address the ability of the trial court or this court to consider matters that may be judicially noticed, and does not argue the trial court erred by taking judicial notice of any of the documents.

court's order to deny leave to amend is reviewed for abuse of discretion. (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 810.)

The trial court explained its reasoning for sustaining the demurrer on the record: "[T]he litigation with Judge Fell . . . not only did apparently address the issues you are raising here today, but even if it had not, it could have addressed those issues because it was well within the scope of that lawsuit tried in Judge Fell's court. . . . [¶] . . . [¶] [E]verything you have alleged here, Ms. Keshen, is or should have been within the scope of lawyer Buffington's professional duties and would be, therefore, described as malpractice. And to the extent you've made some claims, they're late. So not only have these things been litigated with Judge Fell, but coming here today, I think is tardy. [¶] So I'm going to sustain the demurrer without leave to amend."

## II.

### THE COMPLAINT IN KESHEN II WAS BARRED BY THE STATUTE OF LIMITATIONS.

A claim for legal malpractice against an attorney is subject to a one-year/four-year statute of limitations. (Code Civ. Proc., § 340.6, subd. (a).) The action must be filed within one year after the client discovers or could reasonably have discovered the facts underlying the wrongful act or omission but no more than four years after the wrongful act or omission. (*Ibid.*) The limitations period may be tolled while, among other things, the attorney continues to represent the client regarding the specific subject matter in which the alleged wrongful act or omission occurred, or the attorney willfully conceals the facts constituting the wrongful act or omission; willful concealment only tolls the four-year limitations period. (*Id.*, § 340.6, subd. (a).)[6] In this case,

---

[6] Code of Civil Procedure section 340.6 also provides that the limitations period may be tolled if the client has not sustained an actual injury, the client is under a legal or physical disability restricting their ability to commence a legal action, or a fee dispute arbitration pursuant to Business and Professions Code section 6200 et seq. is pending between the attorney and the client.

Buffington Law argued that the one-year limitations period applied, Keshen did not argue that the four-year limitations period under section 340.6 applied, and the trial court sustained the demurrer based on the one-year limitations period.

Keshen first argues that the limitations period of Code of Civil Procedure section 340.6 does not apply to her complaint against Buffington Law because the alleged wrongdoing did not arise within the context of Buffington Law's performance of its professional services. Keshen suggests that because Buffington Law allegedly obtained attorney fees without the benefit of a valid contract, the applicable statute of limitations should be that applicable to contract claims.

Keshen's argument lacks merit. "[Code of Civil Procedure] section 340.6(a)'s time bar applies to claims whose merits necessarily depend on proof that an attorney violated a professional obligation in the course of providing professional services. In this context, a 'professional obligation' is an obligation that an attorney has by virtue of being an attorney, such as fiduciary obligations, the obligation to perform competently, the obligation to perform the services contemplated in a legal services contract into which an attorney has entered, and *the obligations embodied in the State Bar Rules of Professional Conduct*." (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1236-1237, italics added.) Keshen's claims are all based on her contentions that Buffington Law violated its fiduciary duties and violated its obligations to her under the Rules of Professional Conduct and the Business and Professions Code. Therefore, all of her claims are directly related to the provision of professional services by Buffington Law to her, and are covered by the limitations period in Code of Civil Procedure section 340.6.

---

Keshen does not argue any of these circumstances applies in this case, and our review of the appellate record does not indicate that any would be applicable. Keshen's first amended complaint alleges she suffered actual harm, both through the $4 million settlement she claims to have lost, and through the attorney fees she seeks to have forfeited or disgorged. Keshen does not allege she suffered any legal or physical disability or that she was involved in a fee arbitration proceeding with Buffington Law.

7

Based on the allegations in Keshen's complaint that Buffington Law's violation of its duties to her caused her $4 million in damages due to the settlement of the Tallen litigation at mediation without the benefit of the SingerLewak report, the statute of limitations for Keshen's claims began to run in January 2016 when the mediation was held. At the latest, the statute of limitations began to run in July 2016, when Keshen terminated Buffington Law's representation. (*Nguyen v. Ford* (2020) 49 Cal.App.5th 1, 18 [failure to file breach of fiduciary claim against attorney within one year of termination of representation bars the claim]; see *Lee v. Hanley, supra*, 61 Cal.4th at p. 1232 [statute of limitations began to run no later than the date on which the client terminated the attorney's representation].)

Keshen argues that the delayed discovery provision of Code of Civil Procedure section 340.6 applies in this case. She bases this argument, in part, on the Supreme Court's opinion in *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Manufacturing Co., Inc.* (2018) 6 Cal.5th 59 (*Sheppard Mullin*), and contends that she could not have known or suspected she had a cause of action against Buffington Law for its alleged ethical violations before that case was issued. Keshen is mistaken. *Sheppard Mullin* did not announce a new rule of law regarding an attorney's performance of the attorney's duties. Indeed, in the opening paragraph the opinion relies on the framework established by an almost 70-year-old precedent, *Loving v. Evans & Blick* (1949) 33 Cal.2d 603. The *Sheppard Mullin* opinion holds that if a retainer agreement is invalid in part due to the attorney's failure to disclose a known conflict of interest, the attorney may nevertheless seek recovery of attorney fees under a quantum meruit theory. (*Sheppard Mullin, supra*, 6 Cal.5th at p. 68.)

Keshen also argues that the delayed discovery rule applies because she was in a fiduciary relationship with Buffington Law. If that contention were true, then the statute of limitations would have begun to run once the fiduciary relationship ended, which Keshen alleged occurred in July 2016.

8

Keshen also argues that the facts relating to the violation of the Rules of Professional Conduct were willfully concealed from her by Buffington Law. Because willful concealment only tolls the four-year limitations period, and the claims in *Keshen II* were barred by the one-year limitations period, this argument does not apply in this case.[7]

Keshen's ignorance of a cause of action does not toll the statute of limitations. "[T]he plaintiff discovers the cause of action when he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof—when, simply put, he at least 'suspects . . . that someone has done something wrong' to him [citation], 'wrong' being used, not in any technical sense, but rather in accordance with its 'lay understanding' [citation]. He has reason to discover the cause of action when he has reason at least to suspect a factual basis for its elements. [Citation.] He has reason to suspect when he has """"notice or information of circumstances to put a reasonable person *on inquiry*"""" [citation]; he need not know the 'specific "facts" necessary to establish' the cause of action; rather, he may seek to learn such facts through the 'process contemplated by pretrial discovery'; but, within the applicable limitations period, he must indeed seek to learn the facts necessary to bring the cause of action in the first place—he 'cannot wait for' them 'to find' him and 'sit on' his 'rights'; he 'must go find' them himself if he can and 'file suit' if he does [citation]." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397-398, fns. omitted.)

Keshen had more than a suspicion of wrongdoing by Buffington Law—she sued Buffington Law in March 2017 for negligence, breach of fiduciary duty, and breach of contract in connection with its representation of Keshen in the Tallen lawsuit. In part,

_____

[7] In any event, Keshen could not establish tolling due to willful concealment. Keshen was aware that her father was paying her attorney fees and that she had not consented in writing to a third party payment (although she did not realize the significance of those facts).

her claims in that lawsuit involved the alleged violation of former rules 3-100 and 3-500 of the California Rules of Professional Conduct. Further, the damages she sought in that case included disgorgement of the attorney fees and costs she is also seeking to recover in this case.

The trial court correctly sustained the demurrer to the *Keshen II* complaint based on the statute of limitations.[8]


## III.

### *THE TRIAL COURT DID NOT ERR IN SUSTAINING THE DEMURRER WITHOUT LEAVE TO AMEND.*

When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Keshen argues in her opening brief that she "is in a position to amend her facts to better support the causes of action to address the challenged issues of res judicata and the limitations argument, as the case law cited in support of [Keshen]'s opposition to the Demurrer and in support of this appeal has revealed certain factual blind spots that are now able to be corrected and more properly stated."  But Keshen fails to state, in her opposition to the demurrer or in her appellate briefs, what facts she would include in an amended complaint that would avoid the application of the statute of limitations.  The burden is on the plaintiff to prove amendment is a reasonable possibility; this court is not

---

[8]  The trial court also sustained the demurrer on the ground that the claims asserted in *Keshen II* were barred by res judicata due to the judgment in *Keshen I*.  In light of our conclusion that the complaint was barred by the applicable statute of limitations, we need not address this separate argument in this opinion.

required to wade through Keshen's legal argument to discern whether facts supporting amendment are buried therein.

DISPOSITION

The judgment of dismissal is affirmed.  Respondent to recover costs on appeal.


FYBEL, J.

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.

11